UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DEWAYNE EARL RANDALL )
)
V. ) NO. 2:13-CV-184
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security )

## MEMORANDUM AND ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 636, and the consent of the parties, for entry of final judgment. Plaintiff filed a Motion for Judgment on the Pleadings [Doc. 11]. The Commissioner has filed a Unilateral Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) [Doc. 13]. The plaintiff has filed a Response [Doc. 14] opposing the remand request. The Commissioner has filed a "Response", *i.e.*, a Reply [Doc. 16] continuing to request the remand.

The sole function of this Court in making this review is to determine whether the findings of the Commissioner are supported by substantial evidence in the record. *McCormick v. Secretary of Health and Human Services,* 861 F.2d 998, 1001 (6th Cir. 1988). "Substantial evidence" is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury. *Consolo v. Federal Maritime Commission*, 383 U.S. 607 (1966). The Court may not try the case *de novo* nor resolve conflicts in the evidence, nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). Even if the reviewing court were to resolve the factual issues differently, the Commissioner's decision must stand if supported by substantial evidence. *Liestenbee v. Secretary of Health and Human Services,* 846 F.2d 345, 349 (6th Cir. 1988). Yet, even if supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007).

The plaintiff was 46 years of age at the time of the adverse decision by the Administrative Law Judge ["ALJ"]. He has a high school education and past relevant work experience as a truck driver, classified as semi-skilled and medium in exertion.

Plaintiff asserts, and the ALJ found, that he has severe impairments of coronary artery disease with stent placement; cervical degenerative disc disease; bipolar disorder; and post traumatic stress disorder. (Tr. 14).

To cut to the proverbial chase, the **only** issue in this case is that in his first hypothetical question to the vocational expert ["VE"], the ALJ asked her to assume the following:

> Assume sedentary work. No climbing ladders, ropes, or scaffolds. No more than occasional climbing ramps and stairs. Mentally assume that he can perform and maintain concentration for simple, routine, repetitive tasks. Adapt to gradual and infrequent changes in a work setting, and that he is limited to jobs that don't require public interaction or more than occasional interaction with coworkers and supervisors."

(Tr. 41).

2

In response to that first hypothetical question, she responded that there were a significant number of jobs. (Tr. 41-42). The ALJ's second hypothetical question asked the vocational expert to "assume all the same limits as hypo one but add to that **no more than occasional fine manipulation with the upper extremities.**" The VE responded that "the numbers would be negligible..." and that "virtually all sedentary work would require a person to frequently do fine manipulation with at least one upper extremity." (Tr. 42). Thus, a substantial number of jobs would not exist for a person with that additional impairment.

In his hearing decision, the ALJ, at the "step four" finding of plaintiff's residual functional capacity ["RFC"], in addition to the other findings set out in the first hypothetical question set out above, found that "**the plaintiff can perform only occasional fingering with his upper extremities.**" (Tr. 15).

Obviously, according to the VE's testimony, this would mean that the plaintiff could not perform a substantial number of jobs and is disabled, since there is no substantial evidence to underpin the ALJ's finding that there were a substantial number of jobs.

Plaintiff filed the present action, and after his Motion for Judgment on the Pleadings was filed, the Commissioner filed her Unilateral Motion to Remand. The Motion to Remand requests a new hearing at which "the ALJ will ... re-evaluate all the medical evidence, including all of the opinion evidence and explain the weight given to the opinions...; re-evaluate Plaintiff's credibility...; re-evaluate Plaintiff's residual functional capacity along with providing a bridge between the evidence and the residual functional capacity; and obtain supplemental vocational expert testimony...." [Doc. 13, pg. 2].

3

Plaintiff's response states that all of these things were done the first go around, and that the ALJ fatally erred in finding there were jobs the plaintiff could perform with the RFC found by him because the VE had testified there were not a significant number of jobs which a person with the RFC set out in hearing decision could perform.

In her response to this arguement, the Commissioner does not suggest or even imply that the ALJ had, in effect, made a "scrivener's error" by including in his RFC finding the inability to do more than occasional fine manipulation with the upper extremities. Instead, the Commissioner restates the reasons for a remand set forth in their Unilateral Motion described above. Then she asserts that there are "several factual issues" which she, and not the Court, must resolve before the ultimate issue of the plaintiff's entitlement to benefits can be addressed. Correctly, she states that judicial review "is strictly limited to an inquiry into whether the Commissioner's findings were supported by substantial evidence," quoting *Faucher v. Sec'y of Health and Human Services*, 17 F.3d 171 (6th Cir. 1994). *Faucher* ultimately held that "when the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." *Id.*, at 175-76.

In the opinion of the Court, *Faucher*, and the other cases cited by the Commissioner deal with what should occur when the Commissioner makes an error in applying the law or in making a finding devoid of substantial evidence to the claimant's detriment which results in the denial of benefits. *Here*, the ALJ made a finding of fact that the plaintiff was severely

4

limited in using his upper extremities for manipulation. *Here*, the VE stated that with that limitation, a substantial number of jobs did not exist. There is no remaining fact to be resolved. The factual finding of the plaintiff's RFC has been made and it is supported by substantial evidence. While there is no evidence to support the determination that a substantial number of jobs exist, the only evidence which does exist says there are no jobs for a person with all of the impairments *found by the ALJ*. The case has been fully adjudicated at the administrative level save for this error, and a remand to correct it would allow the Commissioner to find the plaintiff *less restricted* than he has already been found to be.

At this juncture, the plaintiff is disabled under the express findings of the ALJ and the vocational evidence. Accordingly, the Commissioner's Unilateral Motion for Remand [Doc. 13] is respectfully DENIED. The plaintiff's Motion for Judgment on the Pleadings [Doc. 12] is GRANTED. The plaintiff is entitled under the facts found by the Commissioner to an award of benefits. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED:

s/ Dennis H. Inman
UNITED STATES MAGISTRATE JUDGE